UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PETER CANADY,                                          DKT#: 13-CV-8783

                         Plaintiff,          **FIRST AMENDED COMPLAINT**

           - against -                      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                                  **ECF CASE**
P.O. JEFFREY MILLENBACH (Shield # 2368),
P.O. ROBERT GALARZA (Shield # 18301), and
P.O. STEVEN STILLER (Shield # 1072), Individually
and in their official capacities,

                        Defendants.
------------------------------------------------------------------------x

      Plaintiff, PETER CANADY, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.

## JURISDICTION

      2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth,

Fifth, Eight and Fourteenth Amendments to the United States Constitution.

      3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PETER CANADY, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O.JEFFREY MILLENBACH (Shield # 2368), P.O. ROBERT GALARZA (Shield # 18301), and P.O. STEVEN STILLER (Shield # 1072), were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## **FACTS**

13. On or about July 4, 2013, the Plaintiff was at a New York City nightclub known as "Tammany Hall" located at 152 Orchard Street, New York, New York, 10002.

14. The Plaintiff was standing outside of the nightclub when police approached.

15. An individual standing next to, or near, the Plaintiff ran when the police approached.

16. The Plaintiff had done nothing wrong and had committed no crimes. Therefore, he did not flee from the police and stood at the location in front of 152 Orchard Street. The Plaintiff also did not see the individual who ran commit any crime or commit any wrongdoing.

17. The Plaintiff was cooperative with police at all times.

18. The Defendant police officers, P.O.JEFFREY MILLENBACH (Shield # 2368), P.O. ROBERT GALARZA (Shield # 18301), and P.O. STEVEN STILLER (Shield # 1072), took the Plaintiff into custody, handcuffed him, and walked him approximately 1.5 blocks. Then, the Defendant police officers forced the Plaintiff to kneel on his knees for approximately 5 or 6 minutes despite the fact that the Plaintiff informed the police that he had a bad knee. This caused the Plaintiff substantial pain and suffering.

19. The Plaintiff was informed by one Defendant police officer, who will be referenced as P.O. JEFFREY MILLENBACH (Shield # 2368), that the Plaintiff was going to be charged with marijuana possession and resisting arrest.

20. The Plaintiff did not possess marijuana on July 4, 2013, nor did the Plaintiff resist arrest. The Plaintiff was cooperative with the police at all times.

21. The Plaintiff did not commit any crimes or engage in any wrongdoing or suspicious behavior on July 4, 2013.

22. The Defendant police officers did not have any probable cause or reasonable suspicion to stop the Plaintiff and take him into custody.

23. The Plaintiff was processed by the police under arrest number M13659079.

24. The Plaintiff was unlawfully held in custody for approximately 20 hours.

25. The New York County District Attorney's Office declined to prosecute the Plaintiff.

31. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant

thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C § 1983**

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. That the level of force employed by defendants against Plaintiff, which included handcuffing him without probable cause to do so, and forcing him to kneel on a curb despite his having a bad knees, was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

40. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C § 1983**

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

43. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of Plaintiff's constitutional rights.

44. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE 42 U.S.C § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As set forth above, the Defendant police officers unlawfully arrested the Plaintiff and used excessive force against him.  Police officers present at the time, and during, the Plaintiff's arrest failed to intervene to prevent the false arrest and excessive use of force against the Plaintiff despite having ample opportunity to intervene.

47. All of the named defendants also knew that Plaintiff did not commit a crime.   P.O. JEFFREY MILLENBACH (Shield # 2368) is the arresting officer in this case, and is listed as the arresting officer in the arrest report.  P.O. ROBERT GALARZA (Shield # 18301), and P.O. STEVEN STILLER (Shield # 1072), failed to intervene to prevent the false arrest of the

Plaintiff.  P.O. ROBERT GALARZA (Shield # 18301), and P.O. STEVEN STILLER (Shield # 1072), also failed to intervene to prevent the excessive use of force against the Plaintiff.

48. All of the defendants are jointly, severally, and equally liable for their individual acts and for their failure to intervene to prevent the other police officer from violating the Plaintiff's constitutional rights.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. All of the foregoing acts by defendants deprived the Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from false arrest;

    D. Not to be subjected to the use of excessive force;

    E. To receive equal protection under the law.

**WHEREFORE**, Plaintiff demands judgment against the Defendant the CITY OF NEW YORK and P.O.JEFFREY MILLENBACH (Shield # 2368), P.O. ROBERT GALARZA (Shield # 18301), and P.O. STEVEN STILLER (Shield # 1072), pursuant to the federal causes of action above, in the sum of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

Dated:  New York, NY
      April 11, 2014

By:   */s/ Bryan Konoski*
      _____
      BRYAN KONOSKI (BK2325)
      Treyvus & Konoski, P.C.
      *Attorney(s) for the Plaintiff*
      305 Broadway, 14th Floor
      New York, NY 10007
      (212) 897-5832